NOTICE
Decision filed 11/07/16. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2016 IL App (5th) 130579

NO. 5-13-0579

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Fayette County. |
| v. | ) ) | No. 07-CF-153 |
| MICHAEL E. YORK, | ) ) | Honorable James L. Roberts, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the judgment of the court, with opinion.
Justices Stewart and Cates concurred in the judgment and opinion.

**OPINION**

¶ 1    This appeal involves a provision of the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2012)) which allows a defendant to voluntarily withdraw his petition (725 ILCS 5/122-5 (West 2012)).  The statute does not specify when a petitioner who voluntarily withdraws his petition may refile it.  The defendant in this case voluntarily withdrew his petition after it was docketed for second-stage proceedings.  Sixteen months later, he filed a new *pro se* petition, raising the same issue he raised in his earlier petition and asking the court to "set aside the withdrawal" of his earlier petition.  The trial court summarily dismissed the petition, providing two alternative bases for its

1

ruling: (1) if viewed as a successive petition, the court found that the defendant did not allege facts establishing cause and prejudice and (2) if viewed as a nonsuccessive petition, the court found that it was not filed timely. The defendant appeals, arguing that (1) the petition is not a successive petition and (2) the court erred in dismissing it at the first stage on the basis of untimeliness. We reverse.

¶ 2    On November 1, 2007, the State filed a two-count information charging the defendant with one count each of intentional homicide of an unborn child (720 ILCS 5/9-1.2(a)(1) (West 2006)) and aggravated battery (720 ILCS 5/12-4(b)(11) (West 2006)). The charges stemmed from the beating of the defendant's pregnant girlfriend, Krystal Heggie. The baby was born alive, but died a few days later. On July 17, 2008, the State filed an amended information charging the defendant with first degree murder in the death of the baby, Malayna Heggie York, and adding a charge of aggravated battery under an alternative theory (720 ILCS 5/12-4(a) (West 2006)).

¶ 3    On October 2, 2008, a jury found the defendant guilty of first degree murder and aggravated battery. On October 29, the defendant filed a motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial. He raised numerous issues. In relevant part, he argued that (1) trial counsel was operating under a *per se* conflict of interest because he previously represented the victim, Krystal Heggie, on a misdemeanor charge and (2) the amended information filed in July 2008 ran afoul of compulsory joinder rules and violated the defendant's right to a speedy trial.

¶ 4    On November 17, 2008, the court held a sentencing hearing. The defendant's attorney, Edwin Potter, informed the court that the parties had agreed to a sentencing

2

recommendation in exchange for "certain waivers and stipulations." The prosecutor explained that the State would recommend sentences of 20 years on the murder charge and 5 years on the aggravated battery charge, to be served consecutively. In exchange for this recommendation, the defendant agreed to withdraw his pending posttrial motion and waive his right to an appeal. Defense counsel Potter noted that the State also agreed to have various court costs, fees, and fines that the defendant owed in both this case and prior cases dismissed or declared uncollectible.

¶ 5 Before accepting the sentencing agreement, the court addressed the defendant. The court first discussed with the defendant each of the 10 claims of error raised in his posttrial motion. One of the 10 claims, as previously noted, was the defendant's contention that Potter operated under a conflict of interest due to his previous representation of Heggie. The court asked the defendant if he understood each of the claims he was withdrawing. The defendant indicated that he was previously informed that Potter had represented Heggie in the past. He further indicated that he understood each of the claims raised in the motion, and he acknowledged that he was agreeing to withdraw them.

¶ 6 The court then revisited the conflict of interest question, asking the defendant if he wanted Potter to continue to represent him in light of the conflict. The defendant indicated that he did want Potter to continue to represent him.

¶ 7 Finally, the court discussed the sentencing agreement itself with the defendant. The court noted that the agreement called for the State to waive approximately $700 in fees and fines. The defendant informed the court that he owed $2300. Asked if he

understood the recommended sentence under the agreement, the defendant told the court that prior to the hearing, he was under the impression that the two sentences would be served concurrently rather than consecutively. However, he indicated that he wanted to accept the agreement anyway, explaining that "it was just a bad situation, and I just want it to be over with." The court accepted the sentencing agreement and entered a written order of conviction the same day.

¶ 8    On November 26, 2008, the defendant sent a letter to the court stating that he wanted to withdraw the sentencing agreement "due to the fact that Edwin Potter should not have represented [him] in the first place." On December 10, the defendant filed a *pro se* motion for reduction of sentence, asking the court to order the two sentences to be served concurrently rather than consecutively. On the same day, he filed a *pro se* motion to vacate the sentencing agreement, arguing that he agreed to it after being advised to do so by an attorney operating under a conflict of interest. The court appointed a new attorney to represent the defendant and docketed the matter for further proceedings. On January 30, 2009, however, the defendant withdrew the motions.

¶ 9    On November 2, 2011, the defendant filed his original *pro se* postconviction petition, alleging ineffective assistance of counsel. The defendant asserted that his trial counsel was under a conflict of interest due to his prior representation of the victim. The defendant further alleged that counsel talked him into the sentencing agreement by telling him that if he did not take the agreement, he would be sentenced to 40 years in prison, and that if he appealed, that sentence would be upheld on appeal. The court appointed counsel and docketed the petition for second-stage proceedings.

4

¶ 10　On March 7, 2012, appointed counsel filed an amended postconviction petition on the defendant's behalf.　The amended petition incorporated the allegations of the *pro se* petition.　In addition, counsel argued that the defendant's waiver of Potter's conflict of interest was not knowing and voluntary because the defendant was not adequately admonished concerning the significance of the conflict.　He further argued that Potter's advice to the defendant was defective because he told the defendant he "would" be sentenced to 40 years and that the sentence "would" be upheld on appeal instead of telling the defendant merely that these results were possible or likely.

¶ 11　On March 29, 2012, the defendant asked the court to withdraw his petition.　At an April 25 status hearing, the court allowed the defendant to voluntarily withdraw his petition.

¶ 12　On August 30, 2013, the defendant filed the *pro se* postconviction petition that is at issue in this appeal.　In it, he alleged that he waived his appeal rights while he was represented by an attorney operating under a conflict of interest due to his prior representation of the victim.　The defendant alleged that his waiver of the conflict was not timely because it was not addressed prior to trial.　In an attached one-page affidavit, the defendant alleged that he withdrew his previous petition because postconviction counsel advised him that if he was successful, he might receive a greater sentence on remand.　He asked the court to "set aside the withdrawal" of the earlier petition.　On September 15, the defendant filed a *pro se* petition for *habeas corpus*.　In it, he raised the same issues he raised in the postconviction petition.　In addition, he alleged that the July 2008 amended information violated principles of compulsory joinder and speedy trial.

¶ 13    On November 25 and 26, 2013, the court entered orders summarily dismissing both petitions. We note that, although the defendant's notice of appeal includes both of these orders, his arguments are focused on the order dismissing the postconviction petition. As stated previously, the court provided two alternate grounds for dismissal in that order. The court found that dismissal was warranted if the petition were considered a successive petition because the defendant did not allege facts sufficient to satisfy the cause-and-prejudice test (see 725 ILCS 5/122-1(f) (West 2012); *People v. Pitsonbarger*, 205 Ill. 2d 444, 460 (2002)). The court also found that dismissal was appropriate if the petition were considered an initial petition because it was not timely filed within three years of the defendant's conviction (see 725 ILCS 5/122-1(c) (West 2012)). This appeal followed.

¶ 14    The defendant argues that his petition should have been reinstated and treated as an original petition; he acknowledges, however, that the State may raise the issue of timeliness at the second stage. The State counters, arguing that the petition must be treated as a successive petition, which was properly denied by the trial court because the defendant did not demonstrate cause and prejudice. The State acknowledges that, if the petition is treated as an initial petition, dismissal at the first stage on the basis of timeliness is not proper. See *People v. Boclair*, 202 Ill. 2d 89, 99 (2002). We review *de novo* the court's first-stage dismissal of a postconviction petition. *People v. English*, 381 Ill. App. 3d 906, 908 (2008). In addition, our interpretation of the Post-Conviction Hearing Act is *de novo*. *People v. Little*, 2012 IL App (5th) 100547, ¶ 14. For the reasons that follow, we agree with the defendant.

6

¶ 15    The Post-Conviction Hearing Act provides a three-step procedure by which a prisoner may challenge his conviction or sentence on the basis of a constitutional violation. *Id.* ¶ 12. At the first stage of postconviction proceedings, the court reviews the petition to determine whether it is frivolous and patently without merit. The court undertakes this review independently, without input from the State. *Id.* To survive first-stage dismissal, the defendant need only assert the gist of a constitutional claim. If the court does not dismiss the petition, it must docket the matter for further proceedings and appoint counsel for an indigent defendant. *Id.*

¶ 16    At the second stage of postconviction proceedings, counsel may file an amended petition on the defendant's behalf, and the State may file a motion to dismiss or an answer. The petition will survive a second-stage motion to dismiss if the defendant has made a "substantial showing of a constitutional violation." *Id.* If the petition is not dismissed at the second stage, it moves to the third stage, an evidentiary hearing on the defendant's claims. *Id.*

¶ 17    At any time during the proceedings, the defendant may request leave to voluntarily withdraw his petition, as the defendant did here. 725 ILCS 5/122-5 (West 2012). Although the Post-Conviction Hearing Act explicitly provides that a defendant may voluntarily withdraw his petition, it does not provide any guidance concerning when or how a voluntarily withdrawn petition may be reinstated. *English*, 381 Ill. App. 3d at 908.

¶ 18    Few Illinois courts have addressed this question. The first to do so was the Third District in *People v. English*. There, the defendant filed a motion for voluntary dismissal of his postconviction petition, which was granted by the court. Five months later, he filed

7

a new postconviction petition. *Id.* at 907. The circuit court dismissed the second petition, finding that it was a successive petition and that the defendant failed to satisfy the cause-and-prejudice test (see 725 ILCS 5/122-1(f) (West 2004); *Pitsonbarger*, 205 Ill. 2d at 460). *English*, 381 Ill. App. 3d at 907. The defendant subsequently filed a motion to reinstate his first postconviction petition. This motion was filed one day less than one year after the first petition was filed. The trial court denied the motion to reinstate, and the defendant appealed. *Id.*

¶ 19 On appeal, the Third District noted that section 122-5 of the Post-Conviction Hearing Act (725 ILCS 5/122-5 (West 2004)) "does not address how or when a trial court may reinstate a voluntarily withdrawn postconviction petition." *English*, 381 Ill. App. 3d at 908. The court also noted, however, that section 122-5 gives postconviction courts discretion to enter orders allowing parties to amend petitions and file additional pleadings " 'as shall be appropriate, just and reasonable[,] and as is generally provided in civil cases.' " *Id.* (quoting 725 ILCS 5/122-5 (West 2004)). The court construed the phrase "as is generally provided in civil cases" to mean that provisions of the Code of Civil Procedure should be applied where the Post-Conviction Hearing Act "is silent concerning a procedural matter." *Id.* at 909-10. The court pointed out that under the Code of Civil Procedure, a plaintiff who voluntarily dismisses a pending action may refile that action within one year after it is dismissed. *Id.* at 910 (citing 735 ILCS 5/13-217 (West 2004)). The court held that this "savings clause" was applicable to the defendant's motion to reinstate his postconviction petition, which was filed within one year after the defendant voluntarily withdrew the petition. *Id.*

¶ 20    Here, the defendant did not seek to reinstate his petition within one year of withdrawing it, as the defendant did in *English*.  The defendant acknowledges this distinction, and he acknowledges that it is not without consequences.  However, the defendant urges this court to hold that failure to seek to reinstate a postconviction petition within one year of withdrawing it should be treated the same way timeliness is treated when a petition is filed after the applicable deadline in the first place.  That is, he argues that only at the second stage may the State raise his failure to seek reinstatement within one year.  This would allow counsel to amend his petition to include allegations demonstrating that the delay is not due to the defendant's culpable negligence.  See *Boclair*, 202 Ill. 2d at 99.

¶ 21    The State, by contrast, argues that if a petition is not reinstated within one year after being withdrawn, the savings clause does not apply, and the petition must be treated as a successive petition.  A successive petition is subject to procedural hurdles that are not applicable to original petitions.  Specifically, a defendant must obtain leave of the court to file a successive petition.  In order to do so, he must satisfy the cause-and-prejudice test.  *Little*, 2012 IL App (5th) 100547, ¶ 14.

¶ 22    In support of its position, the State cites the Second District's decision in *People v. Macri*, 2011 IL App (2d) 100325.  There, a defendant filed a postconviction petition, which remained pending for more than seven years before the defendant voluntarily withdrew his petition.  *Id.* ¶ 3.  The opinion does not indicate whether the petition was docketed for second-stage proceedings during this time.  Nearly six years after the

9

defendant withdrew his petition, he filed a motion to reinstate it along with a supplemental postconviction petition. The trial court denied the motion to reinstate. *Id*.

¶ 23 On appeal, the defendant argued that, under *English*, the trial court was required to automatically reinstate his petition and treat it as an original petition. *Id*. ¶ 9. In rejecting this claim, the Second District emphasized the fact that the "defendant waited six years after the petition was withdrawn" before seeking to reinstate it. *Id*. ¶ 8. The court explained that this was not only beyond the one-year period for refiling provided by the savings clause in the Code of Civil Procedure, it was also "well outside of the limitations period delineated" in the Post-Conviction Hearing Act. *Id*. (citing 725 ILCS 5/122-1(c) (West 2010)). The court thus concluded that the "defendant was not entitled to have his petition *automatically* reinstated and treated as an original petition." (Emphasis added.) *Id*. (citing *English*, 381 Ill. App. 3d at 910).

¶ 24 The *Macri* court went on to point out that the defendant there only argued that a voluntarily withdrawn petition must automatically be reinstated; he did not argue that the circuit court abused its discretion in refusing to reinstate the petition. *Id*. ¶ 9 (citing *People v. Wright*, 149 Ill. 2d 36, 54 (1992)) (noting that section 122-5 gives courts considerable discretion). The *Macri* court therefore did not consider whether the trial court abused its discretion by refusing to reinstate the defendant's petition. *Id*. The court concluded that because the trial court did not allow the defendant to reinstate his original petition, the supplemental petition must be treated as a successive petition rather than an original petition. *Id*.

10

¶ 25    We are not persuaded by the State's argument.    We first note this court is not

obliged to follow *Macri* because we are not obliged to follow the holdings of other

districts of the appellate court.    *People v. Pruitt*, 239 Ill. App. 3d 200, 209 (1992).    We

further note that, as just discussed, the *Macri* court limited its discussion to the sole issue

raised by the defendant in that case–that is, the *Macri* court considered only whether a

defendant was automatically entitled to have his petition reinstated at any time.    See

*Macri*, 2011 IL App (2d) 100325, ¶ 9.    The *Macri* court suggested in *dicta* that a

postconviction court may have the discretion to allow a defendant to reinstate a petition

more than a year after it is voluntarily withdrawn, and did not address the concerns the

defendant raises here about allowing timeliness to serve as a basis for first-stage

dismissal when a *pro se* defendant attempts to reinstate a voluntarily withdrawn petition.

As we will next explain, we believe the defendant's interpretation is more consistent with

section 122-5 and the Post-Conviction Hearing Act as a whole.

¶ 26    We reach this conclusion for two reasons.    First, we believe that interpreting

section 122-5 in conjunction with the relevant provision of the Code of Civil Procedure

supports the defendant's position.    Second, we believe that the interpretation urged by the

State is at odds with the provision allowing a defendant to voluntarily withdraw a

petition.

¶ 27    We first consider the pertinent statutory provisions.    Section 122-5 of the Post-

Conviction Hearing Act allows a defendant to voluntarily withdraw his petition at any

time before the court enters a final judgment.    It also gives postconviction courts the

discretion to enter orders allowing "amendment of the petition or any other pleading, or

11

as to pleading over, or filing further pleadings, or extending the time of filing any pleading *** as shall be appropriate, just and reasonable[,] and as is generally provided in civil cases." 725 ILCS 5/122-5 (West 2012). The voluntary withdrawal of a postconviction petition is akin to the voluntary dismissal of a civil action under the Code of Civil Procedure. See *English*, 381 Ill. App. 3d at 909. Section 13-217 of the Code of Civil Procedure allows a plaintiff to refile a voluntarily dismissed action within one year after the action is dismissed *or* within the original limitations period for filing the action. See 735 ILCS 5/13-217 (West 1994). The limitations period under the Post-Conviction Hearing Act in this case is three years from the date of conviction "*unless* the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." (Emphasis added.) 725 ILCS 5/122-1(c) (West 2012). A logical reading of the two provisions together leads us to conclude that a defendant seeking to reinstate or refile a voluntarily withdrawn petition is subject to the same rule–that is, a defendant seeking to reinstate a voluntarily withdrawn petition after more than one year must be given the opportunity to demonstrate that the delay was not due to his culpable negligence.

¶ 28       The position urged by the State is at odds with this conclusion. It also renders meaningless the provision allowing for a voluntary withdrawal, at least for many defendants. This is because treating the one-year time limit in the savings clause as an absolute bar to reinstating a petition would put many defendants in a worse position than they would be in if they did not file a timely petition in the first place. As noted earlier, first-stage dismissal on the grounds of timeliness is not permitted under the Post-Conviction Hearing Act. See *Boclair*, 202 Ill. 2d at 99. Instead, untimeliness is

12

"considered as an affirmative defense [that] can be raised, waived, or forfeited, by the State." *Id*. at 101 (citing *People v. Wright*, 189 Ill. 2d 1, 11-12 (1999)). This allows "a dutiful prosecutor" to waive the State's objection to the procedural defect if the petition appears to raise a meritorious claim. *Id*. at 101-02. Of course, it also allows a defendant to have the assistance of counsel in alleging and presenting to the court any facts and circumstances to show that the delay was not due to the defendant's culpable negligence.

¶ 29 Under the interpretation urged by the State, a defendant who voluntarily withdraws a petition would not have these benefits. Instead, such a defendant would be subject to the additional hurdles imposed on a defendant seeking to file a successive petition. See *Little*, 2012 IL App (5th) 100547, ¶ 14. Successive petitions are disfavored because the Post-Conviction Hearing Act contemplates the filing of only one petition. *Id*. However, the Act is intended to give a defendant a *complete* opportunity to bring his constitutional claims. *People v. Free*, 122 Ill. 2d 367, 376-77 (1988) (citing *People v. Logan*, 72 Ill. 2d 358, 370 (1978)). In the instant case, the defendant has not had a complete opportunity to present his case. We hold that he may not be precluded from doing so on the basis of the timeliness of his request to reinstate his petition without having the opportunity to demonstrate that the delay was not due to his culpable negligence.

¶ 30 We find an additional reason to reverse the court's order dismissing the defendant's petition. Although not raised by either party, section 122-5 explicitly grants postconviction courts the discretion to extend "the time of filing any pleading other than the original petition." 725 ILCS 5/122-5 (West 2012). Although he captioned his

pleading as a postconviction petition, the defendant expressly asked the court to reinstate the previous petition (or, in the defendant's words, to "set aside the withdrawal" of that petition). Thus, it is more properly viewed as a motion to reinstate. A motion to reinstate is a pleading other than an original petition. Thus, section 122-5 gives postconviction courts the discretion to extend the applicable one-year time limit.

¶ 31 Finally, we must address the State's contention that we may affirm the trial court's decision on the alternate basis that the petition was frivolous and patently without merit. We disagree. We first note that the court below already concluded that the petition was not frivolous and patently without merit. Moreover, as this court has previously explained, "a court is required to review a petition within 90 days to determine whether it is frivolous and patently without merit." *People v. Inman*, 407 Ill. App. 3d 1156, 1162 (2011) (citing 725 ILCS 5/122-2.1 (West 2006)). If the court does not make this determination and dismiss the petition within that time, "the court *must* docket the petition for further proceedings." (Emphasis in the original.) *Id*. (citing 725 ILCS 5/122-2.1(a)(2) (West 2006)).

¶ 32 For the foregoing reasons, we reverse the order dismissing the defendant's postconviction petition. We remand for further proceedings consistent with this decision.

¶ 33 Reversed and remanded for further proceedings.

2016 IL App (5th) 130579

NO. 5-13-0579

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Fayette County. |
| | ) | |
| v. | ) | No. 07-CF-153 |
| | ) | |
| MICHAEL E. YORK, | ) | Honorable |
| | ) | James L. Roberts, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

**Opinion Filed:**      November 7, 2016

_____

**Justices:**      Honorable Melissa A. Chapman, J.

                    Honorable Bruce D. Stewart, J., and
                    Honorable Judy L. Cates, J.,
                    Concur

_____

**Attorneys**      Michael J. Pelletier, State Appellate Defender, Ellen J. Curry, Deputy
**for**              Defender, Alexander G. Muntges, Assistant Appellate Defender, Office
**Appellant**     of the State Appellate Defender, Fifth Judicial District, 909 Water
                    Tower Circle, Mt. Vernon, IL 62864

_____

**Attorneys**      Hon. Joshua Morrison, State's Attorney, Fayette County Courthouse,
**for**              221 South 7th Street, Vandalia, IL 62471, Patrick Delfino, Director,
**Appellee**      David J. Robinson, Deputy Director, Luke McNeill, Staff Attorney,
                    Office of the State's Attorneys Appellate Prosecutor, 725 South Second
                    Street, Springfield, IL 62704

_____