**2022 IL 127904**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

(Docket No. 127904)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.
ANTONIO D. KIDD, Appellant.

*Opinion filed November 28, 2022.*

JUSTICE NEVILLE delivered the judgment of the court, with opinion.

Chief Justice Theis and Justices Anne M. Burke, Michael J. Burke, Carter, and Holder White concurred in the judgment and opinion.

Justice Overstreet dissented, with opinion.

## OPINION

¶ 1 A jury found Antonio D. Kidd guilty on two counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2016)). The appellate court affirmed the convictions. 2021 IL App (4th) 190345-U. Kidd argues on appeal that the trial court committed reversible error when it denied his pretrial motion to

dismiss the indictment. We find the indictment does not set forth all the elements of the charged offenses and, therefore, the court erred by failing to dismiss the indictment. Accordingly, we reverse the judgment of the appellate court and the trial court.

¶ 2                                    I. BACKGROUND

¶ 3        In June 2017, the Sangamon County grand jury indicted Kidd on two counts of predatory criminal sexual assault of a child. In both counts of the indictment, the grand jury alleged, "KIDD ***, who was over the age of 17, committed an act of sexual contact, however slight, with T.F., in that said defendant placed his penis in contact with the mouth of T.F. and T.F. was under the age of 13 years old." The first count asserted the contact occurred "between the 28th day and the 29th day of August," 2016, and the second count asserted the contact occurred between July 1, 2011, and August 29, 2016.

¶ 4                               A. Trial Court Proceedings

¶ 5        Kidd represented himself during some of the pretrial proceedings. He filed a *pro se* motion to dismiss the indictment for not sufficiently stating the elements of the offense charged. At the hearing on the motion, the prosecutor asserted, "Both of the two predatory criminal sexual assault counts include all of the necessary factors that the State must prove at trial." Kidd responded:

"They [are] charging me with sexual conduct *** by sexual contact; *** you're charging me with a penetration case, *** but accusing me of a conduct case. There's no way I can make a proper defense ***.

* * *

*** [I]n order for that to be used as contact alone, which, contact is, under the definition, is sexual penetration or conduct, and in order for them to use the sexual contact, they would have to put the whole definition in there, *** [including] contact, *** for purpose of sexual gratification or arousal of the victim or accused."

The prosecutor persisted, claiming the indictment "appropriately charged Mr. Kidd with sexual contact." The court ruled as follows:

> "I do find that *** both counts of the indictment in this matter sufficiently set forth the offense of predatory criminal sexual assault as was indicated. *** I do not find that the failure to allege the various motives, if you will, such as sexual gratification [affect the completeness of the indictment]."

The court denied Kidd's motion to dismiss the complaint.

¶ 6    Kidd also moved to dismiss count II on grounds its date range overlapped with the date range for count I. The court denied the motion to dismiss and did not require from the prosecutor any clarification of the dates.

¶ 7    Kidd requested reappointment of defense counsel before trial. Immediately before trial, the prosecutor orally moved to amend both counts of the indictment to add to each an allegation that Kidd made the sexual contact "for the purpose of the sexual gratification of the Defendant or victim." Defense counsel objected and moved to dismiss the indictment. The court denied both the prosecutor's motion to amend the indictment and Kidd's motion to dismiss the indictment, finding that Kidd suffered no prejudice, as the indictment sufficiently informed him the State would prove he made the contact for the purpose of sexual gratification. The court said:

> "[Kidd] seized on *** the definition of sexual conduct which is exactly that language for the purpose of sexual gratification or arousal of another. He knew it. He wasn't surprised."

¶ 8    The case proceeded to trial with an indictment that did not include an allegation that Kidd sought sexual gratification for himself or the victim when his penis made contact with T.F. After the presentation of the evidence, the court instructed the jurors that a defendant commits an act of predatory criminal sexual assault of a child if "he is 17 years of age or older and intentionally commits an act of contact, however slight, between the sex organ or anus of one person and the part of the body of another for the purposes of sexual gratification of the Defendant and the victim is under 13 years of age." The court also eliminated the overlap in the dates

- 3 -

for the two counts, requiring proof of an act of sexual contact "between July 1, 2011[,] through August 27, 2016," for a conviction on count II.

¶ 9   The jury found Kidd guilty on both counts. Kidd again raised his objections to the indictments in his posttrial motion, which the trial court denied. The court sentenced Kidd to 25 years in prison on each count, with the sentences to run consecutively.

¶ 10                    B. Appellate Court Proceedings

¶ 11   Kidd argued on appeal that the trial court should have dismissed the indictment because it did not set forth all the elements of the alleged offense. The appellate court held that, by alleging an act of sexual contact, the indictment sufficiently alleged contact "for the purpose of sexual gratification or arousal." 2021 IL App (4th) 190345-U, ¶ 8. The court affirmed the convictions. *Id.* ¶ 78. We granted Kidd's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Oct. 1, 2021).

¶ 12                            II. ANALYSIS

¶ 13   Kidd argues on appeal that the trial court should have dismissed the indictment because it did not set forth all the elements for the charge of predatory criminal sexual assault of a child by sexual contact, the charge on which the jury found him guilty. The State contends the indictment adequately alleged both sexual contact for the purpose of sexual gratification and sexual penetration. To resolve the issues, we must construe section 111-3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-3(a)(3) (West 2016)) and section 11-1.40 of the Criminal Code of 2012 (Criminal Code) (720 ILCS 5/11-1.40(a)(1) (West 2016)).

¶ 14   We review *de novo* issues of statutory construction. *Board of Education of Chicago v. Moore*, 2021 IL 125785, ¶ 18. Our primary objective in statutory construction is to give effect to the intent of the legislature, and the most reliable indicator of legislative intent is the language of the statute. *Id.* ¶ 20. We also review *de novo* the issue of whether an indictment states the elements of the charged offense. *People v. Espinoza*, 2015 IL 118218, ¶ 15.

- 4 -

¶ 15

## A. The Indictment Must Delineate the Nature and
## Elements of the Charged Offenses Pursuant to
## Section 111-3 of the Code of Criminal Procedure

¶ 16    Section 111-3 of the Code of Criminal Procedure of 1963 provides in pertinent part:

> "(a) A charge shall be in writing and allege the commission of an offense by:
>
> * * *
>
> (3) Setting forth the nature and elements of the offense charged." 725 ILCS 5/111-3(a)(3) (West 2016).

¶ 17    When a defendant challenges the sufficiency of an indictment before trial in a pretrial motion, the indictment must strictly comply with section 111-3. *People v. Carey*, 2018 IL 121371, ¶ 21 (citing *People v. Rowell*, 229 Ill. 2d 82, 93 (2008), and *People v. Benitez*, 169 Ill. 2d 245, 257 (1996)). If the indictment does not strictly comply with section 111-3, the "rule requiring a showing of prejudice does not apply, and the proper remedy is dismissal." *People v. Cuadrado*, 214 Ill. 2d 79, 87 (2005); *Benitez*, 169 Ill. 2d at 258 (citing *People v. Thingvold*, 145 Ill. 2d 441, 448 (1991)).

¶ 18

## B. A Predatory Criminal Sexual Assault Indictment Alleging
## Contact Requires an Allegation That the Purpose of the
## Contact Was for Sexual Gratification

¶ 19    The indictment in this case charged Kidd with two counts of predatory criminal sexual assault of a child. Section 11-1.40(a) of the Criminal Code prescribes the elements that must be alleged in an indictment to state a charge of predatory criminal sexual assault of a child:

> "(a) A person commits predatory criminal sexual assault of a child if that person is 17 years of age or older, and commits an act of contact, however slight, between the sex organ or anus of one person and the part of the body of another

for the purpose of sexual gratification or arousal of the victim or the accused, or an act of sexual penetration, and:

(1) the victim is under 13 years of age[.]" 720 ILCS 5/11-1.40(a)(1) (West 2016).

¶ 20    According to the statute, an indictment charging predatory criminal sexual assault of a child must plead allegations establishing contact or penetration. When the indictment alleges "contact" with a victim 13 years or younger, the indictment must allege (1) the perpetrator was 17 years of age or older, (2) the perpetrator committed an act of contact between the sex organ or anus of one person and a part of the body of another person, and (3) the perpetrator made the contact for the purpose of sexual gratification or arousal of the victim or the accused. *Id.* But, when the indictment alleges an act of penetration by a perpetrator 17 years of age or older with a victim 13 years of age or younger, the indictment sufficiently pleads a count of predatory criminal sexual assault of a child, without any allegation about the purpose of the penetration. *Id.*

¶ 21    This court in *People v. Terrell*, 132 Ill. 2d 178, 203-05 (1989), reviewed sections 12-14 (aggravated criminal sexual assault) and 12-16 (aggravated criminal sexual abuse) of the Criminal Code of 1961 (Ill. Rev. Stat. 1985, ch. 38, ¶¶ 12-14, 12-16), the predecessor statutes to the statute under review. The *Terrell* court explained that the former statute permitted convictions in either of two ways: if the prosecution proved an act of sexual penetration, the trier of fact could convict without evidence concerning the purpose of the act; if the prosecution proved only sexual contact, for a conviction the trier of fact needed to find the defendant committed the contact " 'for the purpose of sexual gratification or arousal of the victim or the accused.' " *Terrell*, 132 Ill. 2d at 208; see also *People v. Novak*, 163 Ill. 2d 93 (1994). We find that our interpretation of the predatory criminal sexual assault statute under review is consistent with the reasoning used in *Terrell* and *Novak* by this court.

¶ 22                    C. The Ambiguous Indictment of Kidd Did Not Set Forth
                          All the Elements for a Charge of Sexual Contact.

¶ 23      As Kidd pointed out in his pretrial motion to dismiss the indictment, the prosecution hindered Kidd's preparation for trial by failing to clarify the charge. Because the indictment did not include any allegation of the purpose of the contact, the prosecution appeared to "charg[e Kidd] with a penetration case." By then using language of only contact, without adding the element of purpose, the prosecution did not charge a violation of the statute. The prosecutor affirmed the State had no intention of proving that Kidd made contact for the purpose of sexual gratification, by repeatedly asserting that the indictment alleged all necessary elements, even though Kidd pointed out the indictment failed to allege purpose. The trial court agreed with the prosecutor that the "failure to allege the various motives, *** such as sexual gratification," did not affect the sufficiency of the indictment.

¶ 24      The State's brief on appeal thoroughly supports Kidd's claim that the incomplete indictment hampered his preparation. The State now claims its "indictment set forth the facts necessary to establish all the elements of predatory criminal sexual assault of a child through sexual penetration." Because the indictment included an allegation that Kidd placed his penis in contact with T.F.'s mouth, according to the State, the indictment asserted an act of penetration, even though the indictment specifically called the act "sexual contact," not "sexual penetration." And the State adds that Kidd's own remark, that the State charged him with a penetration case, shows that he knew the State meant for the indictment to charge sexual penetration.

¶ 25      We do not here confront a case of a mere omission of an element from the charging instrument. The prosecutor and the court told Kidd the State could prove predatory criminal sexual assault by proving contact without also proving the purpose of the contact. Then, immediately before trial, the prosecutor sprang on Kidd the news that the State intended to prove Kidd acted for the purpose of sexual gratification. While the court did not allow the State to amend the indictment, the court permitted the change by including the statutory language of purpose in the jury instructions. And now, for the first time on appeal, the State claims it actually pled and proved not sexual contact but sexual penetration.

¶ 26 Because Kidd filed a pretrial motion questioning the sufficiency of the allegations in the indictment, he did not need to show prejudice to obtain reversal of the conviction here. See *Cuadrado*, 214 Ill. 2d at 88; *Rowell*, 229 Ill. 2d at 93. This case shows why courts must dismiss the indictment before trial when the charging instrument fails to set forth all the elements of the offense. Kidd pointed out the ambiguity in the indictments, and the trial court forced him to complete his preparation for trial without a clear statement of the charges on which the State intended to proceed.

¶ 27 In *Espinoza*, 2015 IL 118218, ¶¶ 1, 3, the State charged Espinoza with domestic battery of " 'a minor.' " Before trial, Espinoza made an oral motion for an amendment to identify the minor by his initials. *Id.* ¶ 5. The State refused to amend the complaint, and the circuit court dismissed the complaint because it violated section 111-3 of the Code of Criminal Procedure of 1963. *Id.* ¶ 7. The circuit court in a second, similar case reached a similar conclusion, and the courts consolidated the cases for appeal. *Id.* ¶¶ 8-10. The *Espinoza* court held:

"[W]here an indictment or information charges an offense against persons or property, the name of the person or property injured, if known, must be stated in the charging instrument and the allegation must be proved as alleged. [Citation.] In the cases before it, the charging instruments at issue charged crimes committed against individual persons, but neither charging instrument contained any information suggesting the victims' identities. [Citation.] Further, the State declined to cure the defects in the charging instruments. Under the circumstances, the trial courts acted properly in dismissing both criminal complaints." *Id.* ¶ 10.

¶ 28 The *Espinoza* court rejected the State's argument that Espinoza needed to show the complaint's deficiency prejudiced him. In the case before us, the trial court adopted the reasoning rejected in *Espinoza*, finding that Kidd knew the State needed to prove the purpose of the contact, and therefore he suffered no prejudice from the omission of that element in the indictment. The trial court's reasoning would apply just as well if the State had finally decided, immediately before trial, to amend the indictment to charge sexual penetration, as Kidd's remarks showed he knew the State might have intended that charge. The trial court's failure to dismiss the insufficient indictment violated Kidd's "fundamental right to be informed of the

nature and cause of criminal accusations made against him." *Id.* ¶ 15 (citing *Rowell*, 229 Ill. 2d at 92-93).

¶ 29 In the present case, the appellate court argued at length that the absence of language concerning sexual gratification did not affect the sufficiency of the indictment because "sexual contact is, in effect, contact done for the purpose of sexual gratification or arousal." 2021 IL App (4th) 190345-U, ¶ 57. The court decided the clause "for the purpose of sexual gratification or arousal" had no effect on the meaning of the statute. The court's interpretation violated the principle of statutory construction that "[n]o part of a statute should be rendered meaningless or superfluous." *Van Dyke v. White*, 2019 IL 121452, ¶ 46 (citing *Skaperdas v. Country Casualty Insurance Co.*, 2015 IL 117021, ¶ 15). The appellate court's reasoning also conflicts irreconcilably with this court's explanation, in *Terrell*, 132 Ill. 2d at 209-11, that when the prosecution proves sexual penetration, it need not also prove the defendant acted for sexual gratification but, if the prosecution proves only sexual contact, it must also prove the defendant acted for the purpose of sexual gratification, because "it is possible for the touching which is part of that offense to occur accidentally or unintentionally."

¶ 30                                III. CONCLUSION

¶ 31 By failing to allege in the indictment that when Kidd made sexual contact with T.F. he acted for the purpose of sexual gratification, the State violated the requirement of section 111-3(a)(3) that the indictment must include all elements of the charged offenses. The trial court committed reversible error by denying Kidd's pretrial motion to dismiss the indictment, and the appellate court erred by affirming the convictions. Accordingly, we reverse the judgments of the appellate court and the trial court and remand to the trial court with directions to dismiss the indictment. See *People v. Stapinski*, 2015 IL 118278, ¶ 56.

¶ 32 Judgments reversed.

¶ 33 Cause remanded with directions.

¶ 34    JUSTICE OVERSTREET, dissenting:

¶ 35    I respectfully dissent from my colleagues' reversal of defendant's convictions and sentence in this case on the basis that the indictment did not strictly comply with the pleading requirements of the Code of Criminal Procedure of 1963. Specifically, the indictment in this case alleged penis-to-mouth contact, which, in Illinois, is an act of sexual penetration. The majority's analysis is based on the erroneous conclusion that the indictment failed to allege sexual penetration.

¶ 36    There is no question that, under both the federal constitution and the Illinois Constitution, a defendant has the fundamental right to be informed of the "nature and cause" of criminal accusations made against him. U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8. The Illinois legislature codified this principle in section 111-3 of the Code of Criminal Procedure of 1963 (720 ILCS 5/111-3 (West 2018)). *People v. Wisslead*, 198 Ill. 2d 389, 394 (1985) ("Section 111-3 of the Code of Criminal Procedure of 1963 mirrors this constitutional principle, requiring, *inter alia*, that a charging instrument set forth 'the nature and elements of the offense charged.' " (quoting Ill. Rev. Stat. 1983, ch. 38, ¶ 111-3(a)(3))). Specifically, section 111-3 of the Code of Criminal Procedure states, with respect to the "form of charge," as follows:

> "(a) A charge shall be in writing and allege the commission of an offense by:
>
> > (1) Stating the name of the offense;
> >
> > (2) Citing the statutory provision alleged to have been violated;
> >
> > (3) *Setting forth the nature and elements of the offense charged;*
> >
> > (4) Stating the date and county of the offense as definitely as can be done; and
> >
> > (5) Stating the name of the accused, if known, and if not known, designate the accused by any name or description by which he can be identified with reasonable certainty." (Emphasis added.) 720 ILCS 5/111-3 (West 2016).

Here, the focus of our analysis is on the third requirement in section 111-3(a), that the indictment set "forth the nature and elements of the offense charged." *Id.* § 111-3(a)(3).

¶ 37　This court has specifically held that section 111-3 is "designed to inform the accused of the nature of the offense with which he is charged so that he may prepare a defense and to assure that the charged offense may serve as a bar to subsequent prosecution arising out of the same conduct." *People v. Simmons*, 93 Ill. 2d 94, 99-100 (1982). Nonetheless, in *People v. Thingvold*, 145 Ill. 2d 441, 448 (1991) (quoting *People v. Gilmore*, 63 Ill. 2d 23, 29 (1976)), this court held that, in an appeal from a circuit court's denial of a *pretrial* motion to dismiss a charging instrument, it is improper for the reviewing court to consider whether the charging instrument " 'apprised the accused of the precise offense charged with sufficient specificity to prepare his defense and allow pleading a resulting conviction as a bar to future prosecution arising out of the same conduct.' " Instead, this court has held that, when an indictment or information is attacked before trial, as is the case here, the reviewing court must determine whether the indictment strictly complies with the pleading requirements of the Code of Criminal Procedure. *Id.*[1]

¶ 38　In the present case, prior to trial, defendant filed a *pro se* motion to dismiss the indictment, which the circuit court denied. Therefore, per *Thingvold*, our task is to determine whether the indictment strictly complied with pleading requirements. The specific question we must answer is: does the indictment strictly comply with section 111-3(a)(3)'s requirement that it set "forth the nature and elements" of predatory criminal sexual assault of a child?

---

[1]I note parenthetically that this court has not been consistent in adhering to a standard of review that excludes any consideration of the purpose of section 111-3 in reviewing whether a charging instrument strictly complies with section 111-3. In *People v. Meyers*, 158 Ill. 2d 46, 54 (1994), a case decided after *Thingvold*, we reviewed the sufficiency of a criminal complaint that was challenged prior to trial. The *Meyers* court concluded that the complaint was sufficient to withstand a motion to dismiss, noting that, although some allegations of the complaint could have been made "with greater particularity," "*the relevant inquiry is not whether the alleged offense could be described with greater certainty, but whether there is sufficient particularity to enable the accused to prepare a proper defense*." (Emphasis added.) *Id.*; see also *People v. Klepper*, 234 Ill. 2d 337, 351 (2009) (citing *Meyers* and applying the same standard in evaluating whether a pretrial motion challenging an information would have been successful).

¶ 39    Here, when I consider the indictment in light of the requirements of section 111-3, I reach the conclusion that the indictment does, in fact, strictly comply with section 111-3(a)(3)'s pleading requirements. Therefore, I believe that the circuit court properly denied defendant's motion to dismiss the indictment and that this court should affirm defendant's convictions and sentence.

¶ 40    As stated, the narrow issue on appeal centers on whether the indictment sets "forth the nature and elements of the offense charged." The charged offense is predatory criminal sexual assault of a child. The indictment sets forth the "nature and elements" of this offense by alleging facts that, if proven, establish all the required elements of the commission of this offense by sexual penetration.

¶ 41    The legislature has defined the offense of predatory criminal sexual assault of a child, in relevant part, as follows:

> "A person commits predatory criminal sexual assault of a child if that person is 17 years of age or older, and commits an act of contact, however slight, between the sex organ or anus of one person and the part of the body of another for the purpose of sexual gratification or arousal of the victim or the accused, *or an act of sexual penetration* ***." (Emphasis added.) 720 ILCS 5/11-1.40 (West 2016).

¶ 42    The majority correctly construes this statute as providing for a conviction of the offense in one of two ways: (1) if the prosecution pleads and proves an act of sexual penetration, the trier of fact can convict the defendant without the State pleading and proving the additional element that the purpose of the defendant's act was for sexual gratification, or (2) alternatively, if the prosecution pleads and proves only contact between certain body parts of the defendant and the accused, the trier of fact must also find that the purpose of the contact was for sexual gratification or arousal of the victim or the accused. My disagreement with the majority's analysis centers on the majority's conclusion that the indictment at issue here fails to allege the necessary elements to establish acts of "sexual penetration." On the contrary, the indictment does allege acts that are, unquestionably, acts of sexual penetration.

¶ 43    Both counts of the indictment alleged that defendant "committed an act of sexual contact, however slight, with T.F., in that said defendant *placed his penis in contact with the mouth of T.F.*" (Emphasis added.) In the definitions section of

article 11 of the Criminal Code of 2012, the legislature has specifically defined "sexual penetration," in relevant part, as follows: "*any contact, however slight, between the sex organ* \*\*\* of one person *and* \*\*\* [the] *mouth* \*\*\* of another person." (Emphases added.) *Id.* § 11-0.1.

¶ 44      Therefore, the act of placing one's penis in contact with the mouth of a child falls squarely within the definition of "sexual penetration" for purposes of alleging the offense of predatory criminal sexual assault of a child by sexual penetration. Accordingly, in the present case, as the indictment alleged specific acts of sexual penetration, the allegations in the indictment strictly complied with section 111-3(a)'s requirement that the indictment set forth the "nature and elements" of the offense charged, *i.e.*, penis-to-mouth contact, and no additional allegations about the purpose of this contact was required. Nothing more needed to be alleged in the indictment with respect to the "nature and elements of the offense[s] charged."

¶ 45      I recognize that the indictment does not specifically use the term "penetration." However, the word "penetration" is not required under section 111-3(a) for the indictment to set "forth the nature and elements of the offense charged." As I have explained above, in Illinois, it is not necessary that defendant's penis actually "penetrated" T.F.'s mouth to be found guilty of the statutorily defined offense of predatory criminal sexual assault of a child by "sexual penetration." Instead, penis-to-mouth contact alone is the equivalent of sexual penetration, and this contact is specifically and plainly alleged in both counts of the indictment in no uncertain terms. The absence of the word "penetration" does not transform actual acts of sexual penetration, as alleged here, into mere acts of sexual contact requiring the State to now plead and prove the purpose of defendant's acts. Instead, the legislature has determined that there is no need for the State to prove sexual gratification when a defendant places his penis in contact with a child's mouth.

¶ 46      Had the indictment alleged that defendant knowingly contacted his penis to T.F.'s leg, such an allegation would require additional proof of the purpose of the contact. However, with an allegation of penis-to-mouth contact, the purpose of the contact is not an element of the offense, and this court should not require the indictment to include this element where this indictment factually alleges acts that plainly constitute sexual penetration.

¶ 47     In its analysis, the majority gives some significance to the fact that the jury instructions in this case instructed the jury that it must find that defendant intentionally committed the penis-to-mouth contact for the purposes of defendant's sexual gratification. However, we are not asked to evaluate whether any errors in the jury instructions resulted in an unfair trial. Instead, the issue defendant has raised before this court pertains *only* to the sufficiency of the indictment. The analysis of this issue, in turn, is strictly an evaluation of whether the indictment complies with section 111-3. The sufficiency of the jury instructions does not factor into this analysis. Regardless, to the extent that the jury instructions incorrectly stated the law, that was to defendant's benefit, as the instructions required the State to prove the purpose of defendant's acts of sexual penetration, which was not an element of the crimes alleged in the indictment.

¶ 48     The majority concludes that the record establishes that defendant was hindered in his preparation for trial by the State's failure to clarify the charge. My review of the record finds no support for this conclusion. Instead, the defense benefited from the State having to prove an additional element that was not required to secure the convictions. Regardless, since we are reviewing a pretrial motion challenging the indictment and adhering to the standard of review set out in *Thingvold*, prejudice is not part of the analysis per *Thingvold*, cited by the majority.

¶ 49     In addition, to the extent that prejudice is considered, the record establishes that the indictment was sufficient for the defendant to prepare his defense. This is true because, regardless of whether defendant's acts are called "penetration" or merely "contact," the defendant always understood that he had to defend the allegations that he knowingly placed his penis in contact with the mouth of T.F. as alleged in both counts of the indictment. This requirement of the defense remained steadfast and never wavered throughout the parties' dispute about the sufficiency of the indictment. Therefore, nothing about the allegations in the indictment prevented or hindered defendant from defending against these alleged acts of sexual penetration. If anything, as stated, by requiring the State to also prove the purpose of defendant's sexual penetration, defendant benefited by being provided an additional avenue of defense that should not have been available.

¶ 50     Although the standard of review here is strict compliance with the pleading requirements of section 111-3, I do not believe the analysis of strict compliance

- 14 -

must be completely divorced from any consideration of the very purpose of section 111-3, which is, as this court has specifically stated, to inform the accused of the nature of the offense with which he is charged so that he may prepare a defense and to assure that the charged offense may serve as a bar to subsequent prosecution arising out of the same conduct. *Simmons*, 93 Ill. 2d at 99-100; *Meyers*, 158 Ill. 2d at 54. To the extent relevant, the indictment in this case satisfied the purposes for which section 111-3 was enacted. The indictment informed defendant of the nature of the offense (penis-to-mouth contact with a person under 13 years of age) such that he can and did prepare his defense, and the indictment described the nature and elements of the charged offenses sufficiently to bar future prosecutions arising out of the same conduct

¶ 51    Regardless of which standard is applied, the indictment here strictly complied with section 111-3. The indictment charged defendant with two counts of predatory criminal sexual assault of a child. The indictment was in writing, specifically named the alleged committed offense, provided citation of the relevant statutory provision, provided the date of the offenses and the county of their occurrences, and provided defendant's name and the victim's initials. The indictment alleged specific acts of sexual penetration in that defendant "placed his penis in contact with the mouth of T.F. and T.F. was under the age of 13 years old." Because this indictment strictly complies with all requirements of section 111-3, defendant's convictions and sentences in this case should be affirmed.