NOTICE
Decision filed 01/16/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 241191-U

NO. 5-24-1191

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | No. 19-CF-3823 |
| | ) | |
| KEITH L. HARE, | ) | Honorable |
| | ) | Kyle A. Napp, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE CATES delivered the judgment of the court.
Justices Barberis and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The order of the trial court dismissing the defendant's postconviction petition at the first stage of his postconviction proceedings is affirmed.

¶ 2    The defendant, Keith L. Hare, appeals the October 28, 2024, dismissal of his postconviction petition. The defendant claims that the petition's dismissal at the first stage of the proceedings was in error and that the trial court lacked an understanding of the defendant's petition. For the reasons that follow, we affirm.

¶ 3                                I. BACKGROUND

¶ 4    Following a bench trial, the defendant was convicted of two counts of predatory criminal sexual assault of a child under section 11-1.40(a)(1) of the Criminal Code of 2012 (Code) (720 ILCS 5/11-1.40(a)(1) (West 2018)). He was sentenced to two consecutive 30-year terms in the

1

Illinois Department of Corrections, followed by mandatory supervised release for a period of 3 years to life. The defendant filed a direct appeal challenging his sentence which was affirmed by this court. The defendant's factual basis for his convictions is set forth in his prior appeal, *People v. Hare*, 2023 IL App (5th) 220078. Therefore, we only recite those facts necessary for this disposition.

¶ 5    On December 19, 2019, the defendant was indicted on two counts of predatory criminal sexual assault of a child and one count of attempted predatory criminal sexual assault of a child. Counts I and II of the indictment alleged that the defendant committed an act of sexual penetration upon K.S. "in that said defendant inserted his penis into the sex organ of K.S. in violation of 720 ILCS 5/11-1.40(a)(1)." On October 29, 2021, the State filed a motion for leave to amend the indictment. In its motion, the State asked to amend counts I and II by deleting the language which alleged, "in that said defendant inserted his penis into the sex organ of K.S.," claiming said language was surplusage. The State argued that the indictment properly alleged sexual penetration and the State was "free to prove penetration by either contact or intrusion." The State relied on section 111-5 of the Code of Criminal Procedure of 1963 (725 ILCS 5/111-5 (West 2020)), which allows an indictment to be amended because of formal defects, including the presence of any unnecessary allegation. The State's motion further requested that the allegations of penetration as set forth in the indictment be replaced in both counts I and II with, "said act involving the penis of the defendant and the sex organ of K.S."

¶ 6    On November 16, 2021, the case was set for a bench trial. That same day, and prior to the start of trial, the trial court heard arguments on the State's motion for leave to amend the indictment. The State reiterated its argument that the language set forth in the indictment was surplusage. Defense counsel argued that the proposed amendment was a substantive change and

that the State could not make such an amendment without convening a grand jury. The defense further argued that such a substantive change would be prejudicial. The trial court denied the State's motion, finding that the change in language was substantive. The trial court agreed with defense counsel that the proper way to amend the indictment would be to reconvene the grand jury. The trial court, however, informed the State that it could file an amended information and that the trial court would allow such a filing. The trial court cautioned, however, that the filing of the amended information would require a preliminary hearing.

¶ 7     The State filed an amended information that same day. The amended information again charged the defendant with two counts of predatory criminal sexual assault of a child and one count of attempted predatory criminal sexual assault of a child. The amended counts I and II were charged, in relevant part against the defendant as having, "committed an act of sexual penetration upon K.S. (female, DOB: 9/l l/13) who was under thirteen (13) years of age when the act was committed, said act involving the penis of the defendant and the sex organ of K.S., in violation of 720 ILCS 5/11-1.40(a)(1)." After defense counsel was given time to review the amended information, the trial court held a preliminary hearing without objection.

¶ 8     As its first witness at the preliminary hearing, the State called Detective Joseph Splittorff. During the direct examination of Splittorff, the trial court interrupted the testimony, finding there was probable cause to support the allegations as to all three counts charged against the defendant. Defense counsel waived a formal reading of the charges and entered a plea of not guilty to all three counts. The trial court indicated its intention that the matter would go forward with the bench trial that same day. After defense counsel conferred with the defendant, she requested that the matter be continued so that they could review the records regarding the mental fitness of witness Rashonda Barnes. The trial court denied the motion and the matter proceeded to a bench trial. At

3

the conclusion of the evidence, the defendant was found guilty of two counts of predatory criminal sexual assault of a child. The defendant was found not guilty of the attempt charge. The defendant was sentenced to 30 years in the Illinois Department of Corrections on each of the two counts of predatory criminal sexual assault, to run consecutively. The defendant filed a direct appeal challenging the trial court's alleged consideration of an improper factor at sentencing. This court affirmed the defendant's sentence and the trial court's judgment on appeal. *Hare*, 2023 IL App (5th) 220078.

¶ 9      On July 30, 2024, the defendant filed a postconviction petition with the assistance of counsel. In the defendant's postconviction petition he made a claim of actual innocence, ineffective assistance of trial counsel, and ineffective assistance of appellate counsel. The defendant claimed that his trial counsel was ineffective for failing to raise the following: that the amended information made a new factual allegation the very day of trial which violated the defendant's right to due process; that the amended information amounted to a trial by ambush; that counsel should have moved to dismiss the information because there was no allegation that the defendant performed the "acts of seeking sexual gratification;" that the defendant had made a speedy trial demand which was violated; that the defendant would never have agreed to continuances if he had known that the State was going to amend the charges filed; that the defendant would never have waived his right to a jury trial if he had known the State was going to amend the charges; that there were *Brady*[1] violations regarding the mental health of the State's "key witness" as well as the criminal history of two other witnesses; and that the trial judge participated in the plea negotiation which required her recusal.

---

[1]*Brady v. Maryland*, 373 U.S. 83 (1963).

4

¶ 10    In addition to the arguments raised by the defendant as referenced above regarding trial counsel, he also claimed that appellate counsel failed to raise that defendant's trial counsel did not cross-examine the State's only witness at the defendant's preliminary hearing; that the State's key witness was disclosed seven days before trial and defendant's counsel did not investigate or prepare for this witness; that the defendant's trial counsel did not object to missing text messages that were claimed to have corroborated the testimony of a State's witness; that a key State's witness was not impeached at trial; and that trial counsel did not elicit testimony pertaining to the actual day that the events had occurred.

¶ 11    On October 28, 2024, the trial court filed an extensive order that addressed the claims alleged in the defendant's postconviction petition. In its order the trial court summarily dismissed the petition at the first stage of the postconviction proceedings, finding it to be frivolous and patently without merit. The defendant now appeals.

¶ 12                                    II. ANALYSIS

¶ 13    On appeal, the defendant argues that the trial court erred in summarily dismissing the defendant's postconviction petition at the first stage of his postconviction proceedings. In support of the defendant's claim, he argues the following: the State should not have been permitted to file an amended information because the original indictment was fallacious, the defendant's speedy right to trial was compromised, and the defendant was denied the right to a jury trial. The defendant mentions two additional claims of error alleging that the trial court improperly participated in plea negotiations and that there were *Brady* violations which affected his trial. However, the defendant fails to substantively expand on these issues. Therefore, we find these claims lack factual and legal support, which results in their forfeiture pursuant to Illinois Supreme Court Rule 341(h)(7) (eff.

5

Oct. 1, 2020). Here, we address only the remaining claims properly preserved by the defendant's appeal related to the dismissal of the defendant's postconviction petition.

¶ 14    The Post-Conviction Hearing Act provides a three-step procedural mechanism in which a defendant may challenge his conviction or sentence based on a constitutional violation. *People v. York*, 2016 IL App (5th) 130579, ¶ 15. At the first stage of postconviction proceedings, the court reviews the petition to determine whether it is frivolous and patently without merit. *York*, 2016 IL App (5th) 130579, ¶ 15. At the second stage of postconviction proceedings, counsel may file an amended petition on behalf of the defendant, and the State may file an answer or a motion to dismiss. *York*, 2016 IL App (5th) 130579, ¶ 16. The defendant must make a "substantial showing of a constitutional violation" to survive the second stage proceedings. (Internal quotation marks omitted.) *York*, 2016 IL App (5th) 130579, ¶ 16. If a petition survives the second stage, an evidentiary hearing will be held on the defendant's claims. *York*, 2016 IL App (5th) 130579, ¶ 16. The summary dismissal of a postconviction petition is reviewed *de novo*. *People v. Tate*, 2012 IL 112214, ¶ 10.

¶ 15    At the first stage of proceedings, the trial court must determine whether the allegations present the gist of a constitutional claim. *People v. Hodges*, 234 Ill. 2d 1, 9 (2009). All well-pleaded factual allegations in the petition are taken as true so long as the allegations are not rebutted by the record. *People v. Bethel*, 2012 IL App (5th) 100330, ¶ 10. For a first-stage postconviction claim relating to ineffective assistance of counsel, a defendant only needs to show that he can arguably meet the two-part test under *Strickland*.[2] *People v. Thomas*, 2014 IL App (2d) 121001, ¶ 52. If the defendant can show that his counsel was arguably deficient and that it is arguable that the outcome of his case would have been different, absent the deficient representation, second stage proceedings

---

[2]*Strickland v. Washington*, 466 U.S. 668 (1984).

would be warranted. *Thomas*, 2014 IL App (2d) 121001, ¶ 52. In general, a petition may be summarily dismissed as frivolous or patently without merit only "if the petition has no arguable basis either in law or fact" or if the petition relies on "an indisputably meritless legal theory or a fanciful factual allegation." (Internal quotation marks omitted.) *People v. Knapp*, 2020 IL 124992, ¶ 45. A meritless legal theory is one that is "completely contradicted by the record" and fanciful allegations are perhaps "fantastic or delusional." (Internal quotation marks omitted.) *Knapp*, 2020 IL 124992, ¶ 45.

¶ 16                                    A. Amended Information

¶ 17     First, the defendant asserts that the amended information required an allegation of sexual gratification. In support, the defendant alleges that the amended information allowed the State to bring a "contact case" instead of a sexual penetration case, which was the theory of the indictment. Under section 11-1.40(a) of the Code, a person commits predatory criminal sexual assault of a child if the following occurs: "an act of contact, however slight, between the sex organ or anus of one person and the part of the body of another for the purpose of sexual gratification or arousal of the victim or the accused, or an act of sexual penetration." 720 ILCS 5/11-1.40(a) (West 2018). Sexual penetration is defined as "any contact, however slight, between the sex organ or anus of one person and an object or the sex organ, mouth, or anus of another person." 720 ILCS 5/11-0.1 (West 2018). When a defendant challenges the sufficiency of a charging instrument, a reviewing court need only determine whether the defendant was notified of the precise offense charged with enough specificity to prepare a defense. *People v. Woodrum*, 223 Ill. 2d 286, 297-98 (2006).

¶ 18     In the case at bar, both the indictment and the amended information charged the defendant with "sexual penetration" pursuant to section 11.140(a)(1) of the Code (720 ILCS 5/11-1.40(a)(1) (West 2018)). The State changed the language describing the conduct of the defendant from the

7

initial indictment which alleged, "in that said defendant inserted his penis into the sex organ of K.S.," to the amended information which stated, "said act involving the penis of the defendant and the sex organ of K.S." This difference in language did not alter the underlying charge of sexual penetration and the conduct still remained under the umbrella of the statutory definition for "sexual penetration." The trial court's order concluded that, "the amended indictment [*sic*] did not add any new charges, used the same dates for the offense, cited the same statute, alleged the same victim, and still alleged sexual penetration." The defendant, however, claims that the State's amended information substantively changed the allegations of the charge to allege a "contact" case. Based upon the language of the statute, when charging a "contact" case, the State would have had to allege that the "act of contact, however slight, between the sex organ or anus of one person and the part of the body of another [was] for the purpose of sexual gratification or arousal of the victim or the accused." 720 ILCS 5/11-1.40(a) (West 2018). The defendant relies on *People v. Kidd*, 2022 IL 127904, to support his assertion that the charges against the defendant amounted to a "contact case," and that because the State did not include the allegation of sexual gratification, the charges must be dismissed. The defendant's reliance on *Kidd* is misplaced, and, in fact, supports the finding of the trial court.

¶ 19    In *Kidd*, the defendant was charged with two counts of predatory criminal assault of a child, which alleged, "KIDD ***, who was over the age of 17, committed an act of sexual contact, however slight, with T.F., in that said defendant placed his penis in contact with the mouth of T.F. and T.F. was under the age of 13 years old." (Internal quotation marks omitted.) *Kidd*, 2022 IL 127904, ¶ 3. Simply put, the State charged Kidd with a "contact" case, not a charge of sexual penetration. The defendant in *Kidd* claimed that the indictment was defective because the State failed to plead that the contact was for the sexual gratification of the defendant. In its analysis of

8

the statute, the Illinois Supreme Court indicated that the offense of predatory criminal sexual assault "must plead allegations establishing contact or penetration." *Kidd*, 2022 IL 127904, ¶ 20. When the indictment alleges criminal "contact" with a victim 13 years or younger the court in *Kidd* found that,

> "the indictment must allege (1) the perpetrator was 17 years of age or older, (2) the perpetrator committed an act of contact between the sex organ or anus of one person and a part of the body of another person, and (3) the perpetrator made the contact for the purpose of sexual gratification or arousal of the victim or the accused." *Kidd*, 2022 IL 127904, ¶ 20.

But *Kidd* goes on to state, that when the indictment alleges an act of sexual penetration, "the indictment sufficiently pleads a count of predatory criminal sexual assault of a child, without any allegation about the purpose of the penetration." *Kidd*, 2022 IL 127904, ¶ 20.

¶ 20    Contrary to the defendant's arguments, the State here indicted the defendant alleging an act of sexual penetration. When the State modified the charge by filing an amended information, the State continued to allege an act of sexual penetration. Prior to trial, the trial court initially found that amending the indictment would be a substantive change requiring the advice and consent of the grand jury. However, the trial court did not find that the State was changing the allegations of criminal conduct from sexual penetration to a contact case. The State's amended information changed the description of the defendant's behavior but did not change the charged act of sexual penetration. The allegations did not, as the defendant argues, allege "contact." Therefore, the amended information adequately pled an act of sexual penetration and was not missing the element of "sexual gratification" required in a contact case. In light of the foregoing, we find no arguable factual or legal basis for the defendant's claim that the State was required to allege "sexual gratification," and we agree with the trial court's conclusions as set forth in its order dismissing the defendant's petition.

¶ 21                              B. Right to a Jury Trial

¶ 22    The defendant further alleges that the trial court violated his right to a jury trial when it permitted the State to file the amended information. "The right to a jury trial is a fundamental right afforded to criminal defendants by both our federal and state constitutions." *People v. Gatlin*, 2017 IL App (1st) 143644, ¶ 13. A defendant may waive his jury trial right, and the crucial determination is whether the defendant understands that his case would be decided by a judge, not a jury. *Gatlin*, 2017 IL App (1st) 143644, ¶ 14.

¶ 23    In the case at bar, the defendant argues that his right to a jury trial was "compromised" by the amended information. The defendant claims that he was content to waive his right to a jury trial, under the indictment as charged. The defendant further claims that he would not have waived his right to a jury trial if he had known of the State's intent to amend the charges. The defendant, however, does not provide any explanation of why he would not have waived a jury trial in light of the amended information. The defendant makes no claim that the amended information altered his trial strategy or his defense of the charges. On October 26, 2021, the trial court admonished the defendant of his right to a jury trial, and he subsequently agreed to voluntarily waive his right to a jury trial in open court. On October 29, 2021, the State filed a motion to amend the indictment. The defendant's trial was held approximately two weeks later, beginning on November 16, 2021. The record does not indicate that the defendant made any attempt to file a motion to withdraw his jury trial waiver.

¶ 24    The trial court's order noted that "the defendant had 18 days' notice of the changes the State intended to make to the charges." In short, the trial court found that the defendant had ample time to file a motion to withdraw his waiver. We agree with the trial court that the defendant

10

knowingly waived his right to a jury trial, and he had sufficient time to file a motion requesting withdrawal of his waiver, if he chose to do so.

¶ 25                                    C. Right to a Speedy Trial

¶ 26    "In Illinois, a defendant has both a constitutional and a statutory right to a speedy trial." *People v. Janusz*, 2020 IL 190017, ¶ 55. When a defendant argues that his right to a speedy trial was violated due to an amended charging instrument, the reviewing court may conduct a comparative analysis between the original and subsequent charges. *People v. Phipps*, 238 Ill. 2d 54, 67 (2010). If an original indictment and a subsequent charging instrument allege the same conduct, then the defendant is deemed to have notice of the material allegations, thus the delays that were attributable to the defendant initially will remain the same. *People v. Staake*, 2017 IL 121755, ¶ 39. We review *de novo* the question whether a subsequently filed charge is considered "new and additional." *Staake*, 2017 IL 121755, ¶ 37.

¶ 27    On the day of trial, the trial court denied the defendant's motion to continue noting, that the case was "two years old." The defendant alleges that he would not have agreed to continuances in advance of trial and was content to proceed under the original indictment. Again, the defendant fails to expound on this argument or identify those continuances which he agreed to that he would not have agreed to had he known of the amended charges. The record indicates that the defendant had more than several continuances attributable to him. As already noted herein, a comparison of the original indictment with the amended information reveals that the charges alleged the same conduct, with the same victim, on the same dates. The subsequent charges were not "new and additional." Furthermore, the initial indictment gave the defendant notice of the material allegations of the alleged offenses in order to prepare his defense. The subsequent information did not change the theory of the offenses and alleged essentially the same conduct under sexual

11

penetration. Once again, the defendant has not indicated that his theory of his defense was compromised in light of the amended information. Further, the defendant has not identified those continuances which he would not have agreed to, that would cause a violation of his right to a speedy trial. Thus, we agree with trial court's order that, "the record reflects there were no additional charges or changes in statute that would warrant a dismissal for speedy trial." We find that the defendant's right to a speedy trial was not violated, and that there is no basis to support the defendant's claim that there was a "trial by ambush."

¶ 28                              D. Ineffective Assistance of Counsel

¶ 29     The defendant uses the above-mentioned claims as examples of deficient representation by the defendant's trial counsel. Further, the defendant claims that because these issues were not raised on direct appeal, appellate counsel was also ineffective. "To prevail on a claim of ineffective assistance under *Strickland*, a defendant must show both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense." (Internal quotation marks omitted.) *Hodges*, 234 Ill. 2d at 17. As noted herein, the defendant must show that his counsel was arguably deficient and that it is arguable that the outcome of his case would have been different, absent the deficient representation, to warrant second-stage proceedings. *Thomas*, 2014 IL App (2d) 121001, ¶ 52. We find that the defendant has failed to provide any such arguable claim that the actions of his trial counsel were objectively unreasonable. Thus, there was no deficiency exhibited by trial and appellate counsel. Therefore, we agree with the trial court's dismissal of the defendant's postconviction petition at the first stage of the proceedings regarding counsel's performance.

¶ 30                                    III. CONCLUSION

¶ 31    For the foregoing reasons we affirm the trial court's dismissal of the defendant's postconviction petition at the first stage of the proceedings.

¶ 32    Affirmed.